UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

EDWARD A. SPANGLER,

        Plaintiff,

        v.                              Case No. 20-C-978

CHRISTOPHER TIMM,

        Defendant.

## DECISION AND ORDER DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

Plaintiff Edward A. Spangler, who is currently serving a state prison sentence at Dodge Correctional Institution, filed this action pursuant to 42 U.S.C. § 1983, alleging that Defendant Christopher Timm sexually assaulted him during a search while he was housed at the Winnebago County Jail. Presently before the Court is Defendant's motion for summary judgment. Defendant asserts that Plaintiff has failed to exhaust his administrative remedies as required by the Prison Litigation Reform Act (PLRA). For the following reasons, Defendant's motion will be denied.

### BACKGROUND

At all times relevant to this matter, Plaintiff was incarcerated at the Winnebago County Jail. The Winnebago County Jail Inmate Handbook is made available to jail inmates and contains the procedures regarding the filing of inmate grievances about the conditions of their confinement or abuse and harassment suffered while in the Winnebago County Jail. The Winnebago County Jail uses a grievance form which is made generally available to jail inmates and is also provided to inmates upon request. Under the grievance procedure, an inmate must fill out a grievance form and direct it to the shift supervisor within seven days of the incident or event that forms the basis

of the grievance. Inmates must appeal the decision regarding the grievance within seven working days of the grievance denial. Dkt. No. 31-2.

In early May 2020, Plaintiff complained that he was sexually assaulted on May 6, 2020, by Winnebago County Sheriff's Deputy Christopher Timm. Winnebago County Jail Lieutenant Michael Lichtensteiger investigated the complaint and completed an investigation report. On May 11, 2020, Lichtensteiger found the complaint lacked merit. On May 14, 2020, Plaintiff submitted an inmate request form indicating that he wanted to file a grievance about the pat search that Deputy Timm conducted on May 6, 2020. His request was returned that same day, stamped "this issue has been previously addressed." Dkt. No. 38-1 at 2. Plaintiff did not file a grievance related to the May 6, 2020 incident.

## LEGAL STANDARD

Summary judgment is appropriate when the moving party shows that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). In deciding a motion for summary judgment, the Court must view the evidence and make all reasonable inferences in the light most favorable to the non-moving party. *Johnson v. Advocate Health & Hosps. Corp.*, 892 F.3d 887, 893 (7th Cir. 2018) (citing *Parker v. Four Seasons Hotels, Ltd.*, 845 F.3d 807, 812 (7th Cir. 2017)). The party opposing the motion for summary judgment must "submit evidentiary materials that set forth specific facts showing that there is a genuine issue for trial." *Siegel v. Shell Oil Co.*, 612 F.3d 932, 937 (7th Cir. 2010) (citations omitted). "The nonmoving party must do more than simply show that there is some metaphysical doubt as to the material facts." *Id.* Summary judgment is properly entered against a party "who fails to make a showing to establish the existence of an element essential to the party's

2

case, and on which that party will bear the burden of proof at trial." *Austin v. Walgreen Co.*, 885 F.3d 1085, 1087–88 (7th Cir. 2018) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986)).

## ANALYSIS

Defendant asserts that Plaintiff failed to exhaust his administrative remedies because he did not file a grievance in accordance with the Jail's grievance procedure. The PLRA provides that a prisoner cannot assert a cause of action under federal law "until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a); *see also Woodford v. Ngo*, 548 U.S. 81, 93 (2006) (holding that the PLRA requires proper exhaustion of administrative remedies). Exhaustion requires that a prisoner comply with the rules applicable to the grievance process at the inmate's institution. *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002). A plaintiff's failure to properly exhaust each step of the process constitutes a failure to exhaust available administrative remedies. *Id.* The exhaustion requirement "applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 526, 532 (2002). The purpose of § 1997e(a) is to "permit the prison's administrative process to run its course before litigation begins." *Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006) (quoting *Cannon v. Washington*, 418 F.3d 714, 719 (7th Cir. 2005)); *see also Kaba v. Stepp*, 458 F.3d 678, 684 (7th Cir. 2006).

The Winnebago County Jail rules outline the specific procedures to be followed by jail inmates who wish to complain about the conditions of their confinement or abuse and harassment suffered while in the Winnebago County Jail. Under the grievance procedure, an inmate must fill out a grievance form and direct it to the shift supervisor within seven days of the incident or event that forms the basis of the grievance. Inmates must appeal the decision regarding the grievance within seven working days of the grievance denial. Dkt. No. 31-2.

3

Plaintiff does not dispute that he did not exhaust his administrative remedies. Instead, he asserts that he was unable to exhaust his administrative remedies because they were unavailable to him. He states that, when he submitted an inmate request form on May 14, 2020, indicating that he wanted to file a grievance about the pat search that Deputy Timm conducted on May 6, 2020, his request was returned that same day, stamped "this issue has been previously addressed." Dkt. No. 38-1 at 2. Plaintiff maintains that, because he attempted to resolve the issue using the proper procedure but was denied the ability to do so by jail staff, he was unable to exhaust his administrative remedies.

A prisoner is not required to exhaust administrative remedies when those remedies are not "available" to him during the relevant exhaustion period. *Kaba*, 458 F.3d at 684. A prison official's affirmative misconduct to prevent a prisoner from exhausting through "machination, misrepresentation, or intimidation" as well as "interference with an inmate's pursuit of relief renders the administrative process unavailable." *Ross v. Blake*, 136 S. Ct. 1850, 1860 (2016); *see also Dole*, 438 F.3d at 809 (citations omitted); *Thomas v. Reese*, 787 F.3d 845, 847 (7th Cir. 2016) (finding administrative remedies were unavailable to inmate who was told numerous times by prison staff that he could not have grievance form). When "prison officials mislead [a prisoner] into thinking that . . . he has done all he needed to initiate the grievance process," then the administrative remedy is legally unavailable. *Pavey v. Conley*, 663 F.3d 899, 906 (7th Cir. 2011).

In failing to provide Plaintiff with a grievance form and indicating that the issue had been addressed, Plaintiff reasonably believed that he did not need to exhaust his administrative remedies. Though the record does not establish that the jail official who responded to Plaintiff's request for a grievance form acted in bad faith, it appears the jail official at least inadvertently thwarted Plaintiff's exhaustion of his remedies by misleading him. In other words, the response

4

to Plaintiff's request misled him so as to make the administrative remedies legally unavailable to him. *See Ross*, 136 S. Ct. at 1858. Accordingly, Defendant's motion for summary judgment will be denied.

**IT IS THEREFORE ORDERED** that Defendant's motion for summary judgment (Dkt. No. 28) is **DENIED**.

Dated at Green Bay, Wisconsin this 29th day of March, 2021.

s/ William C. Griesbach
William C. Griesbach
United States District Judge
