UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

EDWARD A. SPANGLER,

        Plaintiff,

   v.                                                                        Case No. 20-C-978

CHRISTOPHER TIMM,

        Defendant.

## DECISION AND ORDER

Plaintiff Edward Spangler, who is serving a state prison sentence at New Lisbon Correctional Institution and representing himself, filed this action under 42 U.S.C. §1983, alleging that his civil rights were violated. Spangler is proceeding on allegations that Defendant Christopher Timm violated his constitutional rights when he cupped Spangler's penis during a pat-down search. This case comes before the Court on Defendant's motion for summary judgment. The Court will grant the motion and dismiss this case.

### BACKGROUND

On May 6, 2020, Spangler was incarcerated at the Winnebago County Jail, where Timm was assigned to work security. Dkt. No. 71 at ¶¶10, 12. At about 1:00 p.m., Timm advised Spangler that he would be escorting him from his housing unit to disciplinary segregation and instructed him to pack up his property. *Id.* at ¶¶13-14. Timm waited for Spangler at the housing unit staff desk. *Id.* at ¶¶17-18. Spangler returned with a plastic bag of personal items and a folded blanket with his bedding. *Id.* at ¶19.

Timm escorted Spangler to a common area with a table where searches of personal items and pat searches of inmates take place prior to an inmate being placed in segregation. Dkt. No. 71

at ¶21.  The area has a security camera that records the searches.  *Id.* at ¶28.  Pat searches are intended to discover whether an inmate has concealed anything and involve touching an inmate over the top of his clothing.  *Id.* at ¶22.  Although pat searches are considered the least intrusive search, they do involve some incidental over-the-clothing contact between a correction officer's hand and an inmate's genitals because the groin area is one of the most common areas to hide contraband.  *Id.* at ¶23.

Once at the common area, Spangler placed his plastic bag and blanket on the table.  Dkt. No. 71 at ¶35.  Timm placed the bag on the floor and began to search Spangler's possessions.  *Id.* at ¶36.  After he was done searching Spangler's possessions, Timm advised Spangler he would pat search him.  *Id.* at ¶41.  Spangler held his arms straight out from his sides to facilitate the pat search.  *Id.* at ¶42.  Timm started at Spangler's arms and continued down his torso, but when he ran his hand near Spangler's waistband, he felt an object tucked into his pants.  *Id.* at ¶44.  Timm ordered Spangler to give him the item, which was a radio that Spangler was trying to sneak into segregation.  *Id.* at ¶45.  Spangler gave Timm the radio without incident. *Id.* at ¶46.

Timm restarted the pat search.  Dkt. No. 71 at ¶49.  According to Timm, the pat search concluded without further incident.  *Id.* at ¶50.  However, according to Spangler, Timm "cupped his hand on [his] penis and held it there."  *Id.* at ¶64, 70.  Spangler asserts that Timm's contact with his penis was not merely incidental. *Id.* at ¶71.

## LEGAL STANDARD

Summary judgment is appropriate when the moving party shows that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(a).  In deciding a motion for summary judgment, the Court must view the evidence and draw all reasonable inferences in the light most favorable to the non-moving party.  *Johnson v. Advocate Health & Hosps. Corp.*, 892 F.3d 887, 893 (7th Cir. 2018) (citing *Parker v. Four*

Seasons Hotels, Ltd.*, 845 F.3d 807, 812 (7th Cir. 2017)). In response to a properly supported motion for summary judgment, the party opposing the motion must "submit evidentiary materials that set forth specific facts showing that there is a genuine issue for trial." *Siegel v. Shell Oil Co.*, 612 F.3d 932, 937 (7th Cir. 2010) (citations omitted). "The nonmoving party must do more than simply show that there is some metaphysical doubt as to the material facts." *Id.* Summary judgment is properly entered against a party "who fails to make a showing to establish the existence of an element essential to the party's case, and on which that party will bear the burden of proof at trial." *Austin v. Walgreen Co.*, 885 F.3d 1085, 1087–88 (7th Cir. 2018) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986)).

## ANALYSIS

The parties do not disclose the events that precipitated Spangler being held at the Winnebago County Jail. According to the Department of Corrections online inmate locator, Spangler was "Returned from Extended Supervision" on August 21, 2020, at which time he moved to Dodge Correctional Institution from the Winnebago County Jail. *See* https://appsdoc.wi.gov/lop/detail.do. This suggests that Spangler may have been held at the jail due to alleged violations of the terms of his supervised release. However, it is also possible that he was being held pending new criminal charges unrelated to alleged violations of the terms of his supervised release. Why Spangler was at the jail is relevant to his status as either a prisoner or pretrial detainee, and his status is important because it determines the amendment under which his claim arises. If he was a prisoner, his claim arises under the Eighth Amendment, but if he was a pretrial detainee, his claim arises under the Fourteenth Amendment. However, determining Spangler's status is unnecessary because even under the Fourteenth Amendment's more relaxed standard, his claim fails.

Under the Fourteenth Amendment, a pretrial detainee must show only that the search was objectively unreasonable in that it was not "rationally related to a legitimate governmental objective" or that it appeared "excessive in relation to that purpose." *Kingsley v. Hendrickson*, 576 U.S. 389, 398 (2015). Unlike under the Eighth Amendment, subjective intent need not be proven. *Id.* As it relates to pat searches, the Seventh Circuit has acknowledged that a prison official's need to thoroughly search inmates for contraband constitutes a penological justification for "brief contact with the genital area over clothing . . . ." *Gillis v. Pollard*, 554 F. App'x 502, 506 (7th Cir. 2014); *see also* Dkt. No. 71 at ¶¶23, 27.

Spangler concedes that Timm had a penological justification for pat searching him before he relocated to segregation, and he even concedes that some incidental contact with an inmate's genitals may occur during a pat search, but he asserts that the contact Timm had with his penis was not incidental. According to Spangler, Timm cupped his penis and held it in his hand for some period of time (Spangler has never quantified how long Timm allegedly held his penis). While these allegations were sufficient to state a claim that Timm's actions were excessive in relation to the purpose of the pat search, the video recording of the pat search refutes Spangler's version of what happened.

The video shows Timm beginning a pat search of Spangler. He pauses briefly at Spangler's waist and abruptly backs up. Spangler then reaches into the front of his pants and removes an object that he hands to Timm, who places the object in a plastic bag. Spangler again reaches his arms wide, and Timm begins the pat search from the beginning. He quickly moves down Spangler's sides, feels along the back of Spangler's waistband, and shakes Spangler's pants to free any contraband. Timm then runs his hands down Spangler's left leg, beginning at the top of his leg and then does the same to Spangler's right leg. He finishes by lifting the bottoms of Spangler's pants to inspect Spangler's ankles and the bottoms of his feet. The pat search lasts a total of twenty

4

seconds, and Timm's hands are in the area of Spangler's penis for no more than a second or two during those twenty seconds.  It is clear from the video that any contact Timm had with Spangler was merely incidental.

"[W]here video evidence contradicts the plaintiff's version of events, the court should not accept the plaintiff's story for purposes of summary judgment." *Gills*, 554 F. App'x at 506 (citing *Scott v. Harris*, 550 U.S. 372, 378-80 (2007)).  Spangler asserts that the video has been altered and cannot be trusted because it jumps ahead at certain spots, with more than a minute of his interactions with Timm missing.  But Timm explains that the camera records only when movement is detected, so there are periods while Timm was searching Spangler's property as Spangler stood by that the camera did not record because there was not sufficient movement to trigger recording.  Dkt. No. 72 at ¶¶4-12.  In any event, the camera recorded the entirety of Timm's pat search of Spangler, and Spangler presents no evidence that this portion of the video was altered.  Given that no rational jury could interpret the video as depicting Timm having anything other than incidental contact with Spangler's penis during the pat search, Timm is entitled to summary judgment.

## CONCLUSION

For these reasons, Timm's motion for summary judgment (Dkt. No. 51) is **GRANTED** and this case is **DISMISSED**.  The Clerk is directed to enter judgment accordingly.

Signed at Green Bay, Wisconsin this 17th day of September, 2021.

s/ William C. Griesbach
William C. Griesbach
United States District Judge

This order and the judgment to follow are final. Plaintiff may appeal this Court's decision to the Court of Appeals for the Seventh Circuit by filing in this Court a notice of appeal within 30 days of the entry of judgment. *See* Fed. R. App. P. 3, 4. This Court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the 30-day deadline. *See* Fed. R. App. P. 4(a)(5)(A). If Plaintiff appeals, he will be liable for the $505.00 appellate filing fee regardless of the appeal's outcome. If Plaintiff seeks leave to proceed *in forma pauperis* on appeal, he must file a motion for leave to proceed *in forma pauperis* with this Court. *See* Fed. R. App. P. 24(a)(1). Plaintiff may be assessed another "strike" by the Court of Appeals if his appeal is found to be non-meritorious. *See* 28 U.S.C. §1915(g). If Plaintiff accumulates three strikes, he will not be able to file an action in federal court (except as a petition for habeas corpus relief) without prepaying the filing fee unless he demonstrates that he is in imminent danger of serous physical injury. *Id.*

Under certain circumstances, a party may ask this Court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within 28 days of the entry of judgment. Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of judgment. The Court cannot extend these deadlines. *See* Fed. R. Civ. P. 6(b)(2).

A party is expected to closely review all applicable rules and determine, what, if any, further action is appropriate in a case.